# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2356-20

H.S.O.,

    Plaintiff-Respondent,

v.

M.A.,

    Defendant-Appellant.

_____

Submitted March 16, 2022 – Decided March 29, 2022

Before Judges Hoffman and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-1415-20.

M.A., appellant pro se.

Wernik & Salvatore, attorneys for respondent (David Salvatore, on the brief).

PER CURIAM

Defendant M.A.[1] appeals from a final restraining order (FRO) entered in favor of plaintiff H.S.O. under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35.  We affirm.

We take the following facts from the record.  Plaintiff and defendant were married in 2014.  They have one child.  The parties separated in January 2018.  A divorce action was pending.

On January 18, 2020, a domestic violence temporary restraining order (TRO) was issued in favor of plaintiff based on a predicate act of harassment, N.J.S.A. 2C:33-4.  The domestic violence action was transferred, without objection, from Monmouth County to Middlesex County, where the divorce action was pending.

After multiple continuances, a FRO hearing was conducted on March 12, 2021.  Both parties were represented by counsel.  Plaintiff and defendant were the sole testifying witnesses.  The court entered a FRO in favor of plaintiff based upon the predicate act of harassment and the need to protect plaintiff from future acts of domestic violence.

---

[1]  We identify the parties by initials to protect the identity of the victim of domestic violence.  R. 1:38-3(d)(9).

Sitting as the factfinder, the trial judge recounted the testimony in detail in her oral decision. We need not repeat the testimony at length in this opinion.

Plaintiff testified about an incident that occurred on January 18, 2020, at the Tinton Falls Police Department headquarters, during a biweekly parenting time exchange of the parties' daughter. Defendant, who was angry and aggressive, told plaintiff to get in the car and that she was not going anywhere, and blocked her vehicle, which scared her and their daughter. She testified this outburst by defendant was one of several that week.

On November 15, 2019, their daughter's school called plaintiff about defendant, who was not authorized to pick her up, hovering in the area, which led to their daughter being expelled from the school on January 17, 2020, based on his behavior.

Plaintiff also described other incidents. Early in the marriage, defendant slapped plaintiff twice. On one occasion, defendant broke a locked door while plaintiff was nursing their daughter. On another occasion, defendant broke into the bedroom. In 2018, defendant punched a humidifier out of plaintiff's hand while she was holding their child. Plaintiff testified that defendant was emotionally and physically abusive throughout the marriage, is violent and destructive, curses her out, and engages in name-calling.

A-2356-20

Plaintiff described defendant's cyclical behavior that includes aggression with explosive outbursts, followed by depression and apologies. She indicated that she feared defendant's erratic and unpredictable behavior, and felt that things could worsen without a restraining order. She stated that without a restraining order, defendant would verbally abuse, harass, and put his hands on her. She described feeling threatened and terrified by him and predicted he would do it again.

The judge found defendant's testimony regarding his demeanor during an incident at their child's school to be "very difficult to believe" and "very incredible that he would have been calm and relaxed" given the circumstances. Defendant claimed that he was not the reason their child was expelled from school. He basically denied all of plaintiff's allegations. The judge found his testimony was internally inconsistent and "also inconsistent with his behavior." Considering his comportment, the judge "[did] not deem his testimony to be credible." The judge doubted and rejected defendant's claims that he acted calmly and rationally. In contrast, the judge found plaintiff's testimony to be credible.

The judge found defendant committed the predicate act of harassing plaintiff by engaging in conduct proscribed by subsections (a) and (c) of

4

N.J.S.A. 2C:33-4, and that his actions were "meant to harass [plaintiff] and cause annoyance and alarm." Regarding the need for a FRO to protect plaintiff from immediate danger or future acts of domestic violence, the judge found a "continued pattern of behavior" evidencing a need to protect plaintiff from future acts of harassment by defendant. This appeal followed.

Defendant raises the following points for our consideration:

POINT I

THE TRIAL COURT ERRED IN GRANTING A FINAL RESTRAINING ORDER (FRO) JUDGMENT TO DEFENDANT BASED ON A VERBAL STATEMENT BY PLAINTIFF ONLY.

POINT II

PLAINTIFF QUESTIONED THE INTEGRITY OF TRO GRANTED TO DEFENDANT IN TINTON FALLS.

POINT III

TRIAL COURT JUDGE HAS BEEN IN RETALIATION AGAINST DEFENDANT POST HIS COMPLAINT TO THE ADVISORY COMMITTEE OF JUDICIAL CONDUCT.

Generally, our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "We review the Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's

'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare, 154 N.J. at 413). Deference is especially appropriate in bench trials when the evidence is "largely testimonial and involves questions of credibility." Cesare, 154 N.J. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). A trial judge who observes witnesses and listens to their testimony is in the best position to "make first-hand credibility judgments about the witnesses who appear on the stand," N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008), a perspective a reviewing court does not enjoy, Pascale v. Pascale, 113 N.J. 20, 33 (1988) (citing Gallo v. Gallo, 66 N.J. Super. 1, 5 (App. Div. 1961)). Thus, a trial court's factual findings "are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). However, "we review the trial court's legal conclusions de novo." Thieme, 227 N.J. at 283 (citing D.W. v. R.W., 212 N.J. 232, 245-46 (2012)).

The PDVA defines domestic violence by referring to a list of predicate offenses found within the New Jersey Criminal Code. J.D. v. M.D.F., 207 N.J. 458, 473 (2011) (citing N.J.S.A. 2C:25-19(a)). The commission of a predicate act constitutes domestic violence if the plaintiff meets the definition of a victim

6

of domestic violence under N.J.S.A. 2C:25-19(d).  Ibid.  Harassment is a predicate offense under the Act.  N.J.S.A. 2C:25-19(a)(13).

To determine whether the entry of a FRO is appropriate, the court must first "determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred."  Silver v. Silver, 387 N.J. Super. 112, 125 (App. Div. 2006).

Second, the court must determine whether a FRO is required to protect the party seeking restraints from future acts or threats of domestic violence.  Id. at 126-27.  While the second inquiry "is most often perfunctory and self-evident, the guiding standard is whether a restraining order is necessary . . . to protect the victim from an immediate danger or to prevent further abuse."  Id. at 127.

Here, the judge concluded defendant committed the predicate act of harassment.

> [A] person commits [the] petty disorderly persons offense [of harassment] if, with purpose to harass another, he:
>
> a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;

b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or

c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

[N.J.S.A. 2C:33-4.]

Because direct proof of intent is often absent, "purpose may and often must be inferred from what is said and done and the surrounding circumstances," and "[p]rior conduct and statements may be relevant to and support an inference of purpose." State v. Castagna, 387 N.J. Super. 598, 606 (App. Div. 2006). In evaluating a defendant's intent, "'a purpose to harass may be inferred from' . . . common sense and experience." H.E.S. v. J.C.S., 175 N.J. 309, 327 (2003) (quoting State v. Hoffman, 149 N.J. 564, 577 (1997)).

Defendant contends the court erred in granting a FRO based on plaintiff's testimony alone. We are unpersuaded. A plaintiff in a domestic violence proceeding is not obligated to provide the testimony of additional witnesses. Indeed, FRO hearings commonly involve the testimony of only the plaintiff and defendant. This is hardly surprising since domestic violence incidents frequently take place behind closed doors. Nor was plaintiff required to introduce surveillance video footage.

A-2356-20

Plaintiff testified at length about defendant's conduct and was subject to cross-examination. Her testimony described multiple incidents of defendant's harassing behavior. Defendant likewise testified at length. His testimony was largely comprised of denials of plaintiff's description of his behavior during those incidents. The judge found plaintiff's testimony to be credible and deemed defendant's testimony not credible.

Our careful review of the record convinces us that substantial credible evidence adduced during the FRO hearing supports the trial judge's factual findings, credibility determinations, and legal conclusion that defendant committed the predicate act of harassment as defined by N.J.S.A. 2C:33-4(a), (c). We are further satisfied that there was sufficient credible evidence establishing the need for a FRO to protect plaintiff from future acts of harassment. The detailed recounting of plaintiff's testimony, which the judge found to be credible, established the need for a FRO to protect plaintiff from defendant, considering his "previous history of domestic violence, . . . including threats, harassment, and physical abuse[.]" N.J.S.A. 2C:25-29(a)(1). We therefore discern no factual or legal basis to disturb the FRO entered against defendant.

Defendant's remaining arguments lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E).

In Point II of his brief, defendant argues that the allegations set forth in plaintiff's domestic violence complaint differed from her verbal statement to the police. He contends that plaintiff and her attorney "manipulat[ed] the court system [by] leveraging the attorney's connection." He alleges that plaintiff should be investigated for perjuring herself, and her attorney should be investigated for suborning perjury. These allegations lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Lastly, we address defendant's argument that the trial judge retaliated against him because of a complaint he filed against the judge with the Advisory Committee on Judicial Conduct in 2019. For the following reasons, we decline to consider this argument.

"The filing of allegations concerning a judge shall not automatically require the judge's recusal from a matter involving the grievant." R. 2:15-24. Moreover, "a judge need not 'withdraw from a case upon a mere suggestion that he is disqualified unless the alleged cause of recusal is known by him to exist or is shown to be true in fact.'" Chandok v. Chandok, 406 N.J. Super. 595, 603

(App. Div. 2009) (quoting Panitch v. Panitch, 339 N.J. Super. 63, 66-67 (App. Div. 2001)).  Defendant chose not to elaborate on the contents of his complaint.

In addition, defendant did not file a motion to recuse the judge.  Nor did defendant raise this issue during the FRO hearing.  Consequently, neither the judge nor plaintiff was afforded an opportunity to respond to this contention other than claiming the judge lacked legal expertise.  See State v. Robinson, 200 N.J. 1, 20 (2009) ("There is an instinct of fairness due both the trial judge . . . and a litigant's adversary, a sense that . . . the trial judge should have a clear first chance to address the issue." (quoting Frank M. Coffin, On Appeal: Courts, Lawyering, and Judging 84-85 (1994))).

"Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below."  State v. Galicia, 210 N.J. 364, 383 (2012). "For sound jurisprudential reasons, with few exceptions, 'our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'"  State v. Witt, 223 N.J. 409, 419 (2015) (quoting Robinson, 200 N.J. at 20).  Appellate courts do not "consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of

great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

Defendant's argument is not jurisdictional in nature and does not substantially implicate matters of great public interest. Moreover, the record is insufficient to permit the adjudication of defendant's delayed challenge. Because we review the trial court's ruling in view of the record before us, we decline to consider this belated, unsupported argument, which was not raised before the trial court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2356-20